### In the Matter of Michael Peter COUTURE.

### No. 98S00–0201–DI–69.

Supreme Court of Indiana.

April 19, 2002.

### *ORDER IMPOSING RECIPROCAL DISCPLINE AND SUSPENDING RESPONDENT*

The Indiana Supreme Court Disciplinary Commission has petitioned this Court for imposition of identical reciprocal discipline on the respondent, Michael Peter Couture, pursuant to Ind. Admission and Discipline Rule 23(28).

We find that the respondent was admitted to practice law in Indiana in 1970, in New York in 1974, and in New Jersey in 1983. The respondent was suspended from the practice of law in New York for 14 months in March 1999, as a result of his 1998 conviction in Colorado for arson. That suspension, and the facts underlying it, prompted the New Jersey Supreme Court also to suspend the respondent for a 14–month period.

The Commission filed its *Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause* on January 18, 2002. In response, this Court issued an order on January 25, 2002, for the respondent to show cause as to why reciprocal discipline should not be entered in Indiana. The respondent did not respond. The Commission's request for reciprocal discipline is now before this Court for final resolution.

We now find that identical reciprocal discipline should be imposed in this state.

IT IS, THEREFORE, ORDERED that the respondent, Michael Peter Couture, be suspended from the practice of law in Indiana for a period of fourteen (14) months, effective immediately. At the conclusion of that period, he may petition this Court for readmission to the Bar of this State, provided he can satisfy the conditions set forth in Admis.Disc.R. 23.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District

Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

All Justices concur.